THE PEOPLE v. NELLIE TAYLOR.

---

## THE PEOPLE vs. NELLIE TAYLOR.

In a criminal action for adultery it is incumbent upon the People to show a legal marriage of one of the alleged guilty parties, but it is not necessary to give evidence to show that the parties to the marriage possessed the legal qualifications to enter into the marriage contract.

*Kalamazoo Circuit, March,* 1870.

The respondent is charged with adultery. Her counsel ask the Court to instruct the Jury that it devolves upon the People to show a legal marriage between respondent and complaining witness. That to constitute a legal marriage there must be the free consent of both parties, who must be of legal age, sound mind and not within the prohibited degrees of consanguinity, as defined in § § 3206, 3207, *C. L.* That the exceptions named in §§ 3206, 3207, 3208 and 3209 must be negatived by the prosecution, or the jury must acquit.

*C. as. A Thompson,* for the People.

*Arthur Brown & R. F. Hill,* for Respondent.

*By the Court,* BROWN, J.—To convict the respondent under this information, it must appear, beyond a reasonable doubt,

that she committed the act complained of, and that she was, at the time, a married woman, the wife of the complaining witness. This relation must be established by proof of a legal marriage; and this may be done by showing, first, that the person performing the marriage ceremony was an officer duly authorized to solemnize the marriage contract; and as a matter of law I advise you that a Justice of the Peace is such an officer; and proof that he acts as such is sufficient evidence that he is such officer.

The law prescribes no form in the consummation of the marriage contract. It is the duty of the officer to determine the qualifications of the parties, before he proceeds to take the acknowledgement of their contract; and this determination is a judicial one, and for the purposes of the marriage, must be considered as conclusive until the contrary is made to appear. Being a judicial determination, and it appearing by the testimony that some evidence of the qualifications of the parties was given before the magistrate; and that question having been passed upon, it is the duty of the jury to assume, in the absence of any evidence to the contrary, that the parties had the legal qualifications requisite to enter into the marriage contract.

2. Did the parties as alleged, assent to and acknowledge a marriage contract between them, before Justice Allen, and did they then and there undertake and promise to take each other as husband and wife.

Defendant convicted.

No form of words is necessary to consummate the marriage contract. A bow of the head in response to the proper interrogatory, may indicate assent as well as the words "yes," or "I do."